Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
***Attorneys for Plaintiff***

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN ROY, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> TRUEACCORD CORP, and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> **(1)   Federal Fair Debt Collection Practices Act [15 U.S.C. § 1692 et seq.]** <br> **(2)   Rosenthal Fair Debt Collection Practices Act [Cal. Civ. § 1788 et seq.]** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, JOAN ROY ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this action against Defendant, TRUEACCORD CORP ("Defendant"), alleging the following upon information and belief based upon personal knowledge:

## **INTRODUCTION**

1.      Plaintiff brings this class action on behalf of all individuals who received collection emails from Defendant wherein Defendant harassed consumers and debtors, used deceptive means in attempting to collect alleged debts, and contacted third in attempting to collect alleged debts, thereby violating both the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

## **JURISDICTION & VENUE**

2.      This Court has original jurisdiction over this matter because it arises under the laws of the United States. Therefore, Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Furthermore, this Court has supplemental jurisdiction over Plaintiff's RFDCPA claim, insofar as it arises under the same facts, pursuant to 28 U.S.C. § 1367(a).

3.      A substantial part of the events giving rise to this action occurred in the County of Los Angeles, California. Venue is therefore proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2).

## **PARTIES**

4.     Plaintiff is a natural person residing in Los Angeles County, California who allegedly owed or owes a debt and is thereby a "consumer" and a "debtor" under the FDCPA, 15 U.S.C. § 1692a(3) and the RFDCPA, Cal. Civ. Code § 1788.2(h), respectively.

5.     At all relevant times herein, Defendant was a company engaged, by use of emails, in the business of collecting a debt from Plaintiff and others which qualifies as a "debt" and a "consumer debt" under the FDCPA, 15 U.S.C. § 1692a(5) and the RFDCPA, Cal. Civ. Code § 1788.2(f), respectively. Defendant regularly attempts to collect debts alleged to be due them or another, and therefore is a "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6) and the RFDCPA, Cal. Civ. Code § 1788.2(c).

6.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8.     Beginning in or around March 14, 2016, Defendant began contacting a third party in an effort to collect on a debt allegedly owed to Merrick Bank.

9.     During this process, Defendant, in its ordinary course of business, began sending emails in an attempt to collect the alleged debt.

10.     Defendant, through its agent Susan Anderson, sent at least nineteen (19) emails beginning in or around March 2016 through August 2016 from "susan@trueaccord.com" to "shazzy21@aol.com".

11.     "shazzy21@aol.com" is not Plaintiff's email address, rather, is Plaintiff's daughter's email address.

12.     In several of the emails, Defendant sent them to the attention of Plaintiff, Joan Roy.

13.     Plaintiff alleges upon information and belief that Defendant knowingly sent emails to Plaintiff's daughter rather than to Plaintiff in its effort

collect on the alleged debt.

14.     Plaintiff's daughter is neither Plaintiff's spouse nor Plaintiff's attorney.

15.     In no email sent to Plaintiff's daughter did Defendant ask about Plaintiff's location.

16.     Defendant did not send emails in an effort to collect on a judgment. Furthermore, Defendant explicitly stated that the original creditor, Merrick Bank, believed the debt was time-barred, and because of Merrick Bank's belief, Defendant could not sue under the debt and enforce a judgment.

17.     In the emails, Defendant claims that Plaintiff owes a principal of $885.13 with interest of $748.41, totaling $1,633.54, for a credit card debt owed to Merrick Bank. Defendant claims that the debt accrued on November 3, 2005 and went into default on April 13, 2009.

18.     The debt is time-barred, as is apparent given the dates and by Defendant's own admission in the emails.

19.     In many of the emails, Defendant made threats and innuendos of financial and legal repercussions despite knowing, as is evidenced by Defendant's disclosure in every email sent to Plaintiff that Defendant is attempting to collect a time-barred debt and as such cannot take legal action unless Plaintiff acknowledges the debt. E.g., on or around April 24, 2016, Defendant told Plaintiff that failure to

pay could have a "…long-term effect on your financial standing," and on or around July 7, 2016, Defendant told Plaintiff that action was required in order to "…avoid any negative consequences"; on or around March 23, 2016, Defendant told Plaintiff "[y]ou have an obligation to repay what you owe"; and on or around April 11, 2016, Defendant threatened Plaintiff by claiming that "[w]e are obligated to continue with collections".

20.    Given the disproportionate bargaining power between Defendant and Plaintiff, the aforementioned representations are likely to lead reasonable consumers into believing that Defendant has a legal right to collect the debt that can be enforced in Court when Defendant knows such representation is false.

21.    Defendant attempted to trick Plaintiff into reviving the statute of limitations on the time-barred debt. E.g., on or around April 15, 2016, Defendant represented to Plaintiff that she is their customer by telling her "you're our customer" and that they represent her interests, and that it would be in her interest to make a payment. Defendant said this knowing that such action on Plaintiff's part would revive the statute of limitations.

22.    Plaintiff has absolutely no desire or interest in reviving the statute of limitations on the debt, nor did Plaintiff state or imply in any way such interest or desire.

23.    In fact, Defendant was aware that Plaintiff had no such desire. On or

around April 24, 2016, Defendant told Plaintiff "we can see you've opened 10 emails already. Why not act on them," thereby evidencing Defendant's consciousness that it is harassing Plaintiff.

24.   Furthermore, Defendant continued to send upwards of ten (10) more emails subsequent to the April 24, 2016 email.

25.   As a direct and proximate result of Defendant's conduct, Plaintiff felt harassed, annoyed, anxious, threatened, and deceived.

## CLASS ALLEGATIONS

26.   Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class ("The Class") defined as follows:

> All persons in the United States whom Defendant tried to contact via email in an effort to collect an alleged debt that were sent to third persons within one (1) year of filing this complaint wherein Defendants harassed, threatened, or used other deceptive means to collect alleged debts.

27.   Specifically excluded from the proposed Class are Defendant; any entities in which Defendant has a controlling interest; and the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendant. The Class' claims are based on the FDCPA and RFDCPA.

28.   This action is brought and may be properly maintained as a class action. This action satisfies the numerosity, typicality, adequacy, predominance

and superiority requirements for a class action.

29.     Plaintiff and members of The Class were harmed in the same way, namely the following: they were mislead by Defendant with respect to the character and nature of the alleged debts and Defendant's rights with respect thereto; Defendant contacted third parties thereby disclosing private information and embarrassing or defamatory statements about Plaintiff and Class members; and they all felt harassed, annoyed, or anxious as a result of Defendant's conduct.

30.     The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

31.     Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a.      Whether Defendant communicated with third parties in connection with collection of debts when the third parties were neither the consumer's/debtor's spouse nor counsel, and

communication with third parties was neither for obtaining consumer's/debtor's location nor enforcing a judgment;

b.     Whether Defendant used means of collection that resulted in harassing Class members, namely through emails;

c.     Whether Defendant used deceptive means in connection with the collection of debts; and

d.     The nature and extent of damages and other remedies to which the conduct of Defendant entitles The Class members.

32.     Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to statutory damages up to $1,000.00 in addition to actual damages and reasonable attorneys' fees and costs pursuant to the FDCPA and RFDCPA.

33.     Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

34.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent,

or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

35.    The prosecution of separate actions by thousands of individual Class members would also create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper disclosures which Defendant must provide to all Class members when attempting to collect alleged debts.

36.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

37.    Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of The Class as a whole.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES
## ACT, 15 U.S.C. § 1692 ET SEQ.
### (By Plaintiff and The Class)

38.     Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

39.     A debt collector may not without the express consent of the consumer given directly to the debt collector communicate with third parties in connection with collection from the consumer of an alleged debt unless either the third party is the consumer's spouse or attorney, or the communication is in connection with obtaining consumer's location or enforcement of a judgment. 15 U.S.C. § 1692c(b). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

40.     A debt collector may not falsely represent the character, amount or legal status of any debt in connection with the collection of any debt. 15 U.S.C. §1692e(2)(A). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

41.     A debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken, in connection with the collection of any debt. 15 U.S.C. §1692e(5). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

42.     A debt collector may not use false representations or deceptive means, in connection with the collection of any debt. 15 U.S.C. §1692e(10). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

43.     A debt collector may not use unfair or unconscionable means, in connection with the collection of any debt. 15 U.S.C. §1692f. By engaging in the above detailed conduct, Carson violated this provision of the FDCPA.

44.     As a direct proximate result of Carson's conduct, Torres and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3).

## COUNT II: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.
### (By Plaintiff and The Class)

45.     Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

46.     Cal. Civ. Code §1788.17 mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. 1692 et seq.

47.     Based upon the foregoing, Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

a) Communicating with third parties who were neither debt's spouse nor debtor's attorney, and communication was neither for determining debtor's location nor enforcing a judgment (15 U.S.C. § 1692c(b));

b) Falsely representing the character or legal status in connection with collection of a debt (15 U.S.C. § 1692e(2)(A));

c) Threatening to take action that it cannot take or has no intention of taking in connection with the collection of a debt (15 U.S.C. § 16922(5));

d) Engaging in the use of any false or deceptive representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (15 U.S.C. §1692e(10)); and

e) Engaging in the use of unconscionable means to collect or attempt to collect on a debt (15 U.S.C. § 1692f).

48.     Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

49.     As a direct and proximate result of Defendant's violations of RFDCPA, Plaintiff and the members of The Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30.

50.     The violations of RFDCA described herein present a continuing threat to members of The Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

1. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

2. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. § 1692k;

3. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to Cal. Civ. Code § 1788.30;

4. For actual damages according to proof;

5.  For reasonable attorneys' fees and costs of suit;

6.  For prejudgment interest at the legal rate; and

7.  For such further relief as this Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of each and every claim so triable.



Respectfully submitted,

Dated: January 4, 2017

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**


/s/ Todd M. Friedman

Todd M. Friedman

Attorneys for Plaintiff